J. S17032/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :             PENNSYLVANIA
                    v.                         :
                                                   :
PATRICK E. GARDINOR,                 :         No. 926 MDA 2019
                                                     :
                Appellant           :

Appeal from the PCRA Order Entered May 8, 2019,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0002618-2014

BEFORE: PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: APRIL 27, 2020**

Patrick E. Gardinor appeals from the May 8, 2019 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The factual history of this case is not relevant to our disposition and need not be reiterated here. The pertinent procedural history of this case, as gleaned from the certified record, is as follows: On June 3, 2014, appellant was arrested by members of the Pennsylvania Internet Crimes Against Children Task Force ("Task Force") following the execution of a search warrant at his residence, and charged with multiple counts of distribution of child pornography, possession of child pornography, and criminal use of a

communication facility.[1]  Appellant waived his right to a jury trial and proceeded to a bench trial on November 9, 2016.  Following a one-day trial, the trial court found appellant guilty of 100 counts of possession of child pornography and one count each of distribution of child pornography and criminal use of a communication facility.  On February 27, 2017, the trial court sentenced appellant to an aggregate term of five to ten years' imprisonment, followed by ten years' probation.  Appellant was also ordered to register as a Tier II non-violent sexual offender for a period of 25 years, pursuant to 42 Pa.C.S.A. § 9799.10 **et seq.** ("SORNA").  Appellant filed a direct appeal with this court that he withdrew on November 7, 2017.  Thereafter, on November 13, 2017, appellant filed a timely, counseled PCRA petition wherein he argued that trial counsel[2] was ineffective for failing to file a motion to suppress appellant's computer because the search warrant application was stale.  (**See** PCRA petition, 11/13/17 at 4-5, ¶ 17.)  Following an evidentiary hearing, the PCRA court dismissed appellant's petition on May 8, 2019.  This timely appeal followed.[3]

---

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), and 7512(a), respectively.

[2] Appellant was represented during the suppression phase of this case by George Skumanick, Esq.

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  On August 1, 2019, the PCRA court filed a "statement in lieu of opinion" indicating that it was relying on the reasoning set forth in its prior opinion authored in support of its May 8, 2019 order denying appellant's PCRA petition.

Appellant raises the following issue for our review:

> Did the PCRA [c]ourt err when it refused to find that [trial] counsel was ineffective for failing to move to suppress a computer that was obtained pursuant to a search warrant that was based on information that was five months old?

Appellant's brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the

United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668,

687 (1984), and as applied in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.

1987). ***Commonwealth v. Simpson***, 66 A.3d 253 (Pa. 2013).

> The ***Pierce*** test requires a PCRA petitioner to prove:
> (1) the underlying legal claim was of arguable merit;
> (2) counsel had no reasonable strategic basis for his
> action or inaction; and (3) the petitioner was
> prejudiced—that is, but for counsel's deficient
> stewardship, there is a reasonable likelihood the
> outcome of the proceedings would have been
> different.

***Id.*** at 260, citing ***Pierce***, 527 A.2d at 975.

This court has explained that a petitioner "must meet all three prongs

of the test for ineffectiveness[.]" ***Commonwealth v. Charleston***, 94 A.3d

1012, 1020 (Pa.Super. 2014) (citation and internal quotation marks omitted),

***appeal denied***, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be

effective and the burden of demonstrating ineffectiveness rests on appellant."

***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation

omitted), ***appeal denied***, 30 A.3d 487 (Pa. 2011). Additionally, we note that

counsel cannot be found ineffective for failing to raise a claim that is devoid

of merit. ***See Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009).

Instantly, appellant contends that trial counsel was ineffective failing to

file a motion to suppress the computer seized from his residence because the

search warrant application was stale. (Appellant's brief at 4). In support of

this contention, appellant argues that "[Task Force] Agent [Kurt] Smith

discovered the child pornography [o]n January[ 29,] 2014 [and] . . . did not

apply for a search warrant to search [appellant's] home until over [four] months later [o]n June[ 3,] 2014." (*Id.* at 7 (timeframe corrected).) Appellant maintains that the PCRA court's reliance on ***Commonwealth v. Gomolekoff***, 910 A.2d 713 (Pa.Super. 2006), is misplaced and cites a number of cases to the contrary. (*See* appellant's brief at 8-12.)

Upon review, we find that appellant's ineffectiveness claim fails because he failed to satisfy the first prong of the ***Pierce*** test; namely, that the underlying legal claim was of arguable merit. ***See Simpson***, 66 A.3d at 260. In reaching this conclusion, we note that trial counsel testified at the March 26, 2019 evidentiary hearing that staleness was a frivolous suppression claim:

> Q.    [Trial counsel], did you consider whether or not you should have filed a motion to suppress based on what we say is stale information in the warrant application?
>
> A.    I did but because, frankly, what I thought was relevant and compelling case law of the fact that in cases of child pornography the staleness rules are much more relaxed and that the Commonwealth had the ability to show that this was the type of crime where a Defendant would keep things around for a long period of time and tend not to get rid of them. Unlike in, like, narcotic cases where if you are selling drugs they are going to be constantly selling them.
>
> Q.    Do you recall any specific cases that you, in fact, relied on?
>
> A    Not at this time. At that time, I did research and I know there are several Superior Court and at least one or two Supreme Court cases dealing

> with this issue that -- especially given the circumstances where a Defendant is likely to keep things around the staleness rules are much more relaxed.
>
> . . . .
>
> Q. And based on your judgment you thought a staleness motion would be meritless; is that right?
>
> A. Yes, that's why I didn't file it. I figured go with the two strongest arguments we had and not add something that I felt that was frivolous that would distract the Court's attention from the main argument.

Notes of testimony, 3/26/19 at 4-5. We agree with trial counsel's assessment.

Appellant's argument, while potentially relevant to many other types of crime, is not applicable to an investigation into child pornography evidence. Generally, it is well settled in this Commonwealth "that stale information cannot provide probable cause in support of a warrant." ***Commonwealth v. Hoppert***, 39 A.3d 358, 363 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 57 A.3d 68 (Pa. 2012). In ***Gomolekoff***, a panel of this court held that:

> Age of the information supporting a warrant application is a factor in determining probable cause. . . . **Age alone, however, does not determine staleness.** The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine **[1.] the nature of the crime and [2.] the type of evidence.**

***Gomolekoff***, 910 A.2d at 713 (citation and internal quotation marks omitted; emphasis and numeration added).

***Gomolekoff*** involved the execution of a search warrant by police in Kansas based on their discovery of child pornography in two emails from November 2003, wherein Gomolekoff, a resident of Pennsylvania, was one of the recipients. ***Id.*** at 712. That information was not forwarded to authorities in Pennsylvania until June 2004, and in August 2004, police obtained a search warrant for Gomolekoff's home based on that information and subsequently discovered child pornography on four of his computers. ***Id.***

Gomolekoff challenged the August 2004 warrant on staleness grounds, but the trial court denied his suppression motion. ***Id.*** On appeal, a panel of this court rejected Gomolekoff's argument that the 9½-month gap between the initial discovery of the child pornography and the execution of the search warrant rendered the evidence of the child pornography stale, based on the two aforementioned factors unique to child pornography cases. ***Id.*** at 713. In reaching this conclusion, the ***Gomolekoff*** court reasoned that individuals who possess child pornography "rarely, if ever, dispose of child pornography[]" and "will protect and retain child pornography for long periods of time because it is illegal and difficult to obtain." ***Id.*** at 714 (citations omitted).

Similarly, in the instant matter, the 4- to 5-month gap between law enforcement's initial discovery of evidence that appellant possessed child

pornography and the execution of the warrant at appellant's residence did not render the evidence in question stale. As recognized by the PCRA court, the delay in executing the warrant in this case (4 to 5 months) was approximately half of that involved in **Gomolekoff** (9½ months). (**See** PCRA court opinion, 5/8/19 at 4.[4]) Based on the foregoing, we conclude that appellant's staleness claim is devoid of arguable merit, and trial counsel cannot be found ineffective for failing to pursue this meritless claim. **See Ligons**, 971 A.2d at 1146.

Accordingly, we affirm the PCRA court's May 8, 2019 order denying appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2020

---

[4] The PCRA court's opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.